(March 24, 1915.)

## STATE, Respondent, v. EMMETT HOSFORD, EARL K. DODGE, WILLIAM PECK, JOSEPH McGOWAN and JOHN HODSON, Appellants.

[147 Pac. 286.]

APPEAL FROM POLICE COURT TO DISTRICT COURT—LOSS OF JURISDICTION —WRIT OF REVIEW INEFFECTUAL.

1. Where certain persons were convicted of violation of the anti-gambling ordinance of a village before a justice of the peace acting as police magistrate of such village, and appealed from such judgment of conviction to the district court, such appeal being taken as prescribed by law, the jurisdiction of the justice of the peace acting as police magistrate ceased upon such appeal being perfected, and the jurisdiction of the district court attached.

2. Where a writ of review is issued by a district judge, directed to a justice of the peace acting as police magistrate, seeking to review a judgment of conviction in said police magistrate's court from which a valid appeal had already been taken to the district court, *held,* that the issuance of such writ was a futile thing, as the case was already pending in the district court for trial *de novo,* and the district court did not err in dismissing such writ of review.

APPEAL from the District Court of the Sixth Judicial District for Custer County. Hon. James M. Stevens, Judge.

Defendants found guilty of violating village anti-gambling ordinance in police magistrate's court. Appeal taken to district court and writ of review subsequently issued. From judgment of district court dismissing writ of review, defendants appeal. *Affirmed.*

L. E. Glennon and M. A. Brown, for Appellants.

There is no appeal provided from a justice court on questions of law; therefore, there is no appeal in this case. If we should appeal this case to the district court, the matter must be tried anew in such court. The questions involved would not be reviewed on an appeal, so that the appeal provided by

the statute is inadequate, and, in fact, is no appeal at all on questions involved. The defendants were entitled to have these questions reviewed on an application for writ of review. (Sec. 8325, Rev. Codes; *Highway Commrs. v. Harper,* 38 Ill. 107; *Memphis & C. R. Co. v. Brannum,* 96 Ala. 461, 11 So. 468; *Abney v. Clark,* 87 Iowa, 727, 55 N. W. 6; *Coburn v. Mahaska Co.,* 4 Iowa, 242; *State v. Evans,* 13 Mont. 239, 33 Pac. 1010; *Paul v. Armstrong,* 1 Nev. 82; *Wiggins v. Henderson,* 22 Nev. 103, 36 Pac. 459; *People v. Stedman,* 57 Hun, 280, 10 N. Y. Supp. 787; *Union Steamboat Co. v. Buffalo,* 82 N. Y. 351.)

The court erred and exceeded its jurisdiction in refusing to grant a change of venue. (*Bell v. Bell,* 18 Ida. 636, 111 Pac. 1074; *Day v. Day,* 12 Ida. 556, 86 Pac. 531, 10 Ann. Cas. 260.)

The constitution of this state provides that trial by jury shall remain inviolate (art. 1, sec. 7), and the legislature has further provided that criminal cases in a justice court shall be tried before a jury, unless a jury be waived; and that in a police court a jury trial must be granted when demanded. (*Ex parte Wong You Ting,* 106 Cal. 296, 39 Pac. 627; *Ex parte Becknell,* 119 Cal. 496, 51 Pac. 692; *In re Fife,* 110 Cal. 8, 42 Pac. 299; *Ex parte Miller,* 82 Cal. 454, 22 Pac. 1113; *Powelson v. Lockwood,* 82 Cal. 613, 23 Pac. 143; *Taylor v. Reynolds,* 92 Cal. 573, 28 Pac. 688.)

Both of these rights are involved in this case, and the question can only be determined in the manner attempted by the defendants. In this case both questions go to the jurisdiction of the court, and therefore are proper matters to be reviewed by *certiorari* upon the showing made. The fact that defendants gave notice of appeal at the close of their pretended trial in the police court and failed to prosecute it is no ground of objection to granting of *certiorari* or writ of review. (*Poag v. Rowe,* 16 Tex. 590.)

The granting of a writ of review is discretionary, and even when there is an appeal, its allowance is not prohibited. (*People v. Donohue,* 15 Hun (N. Y.), 418.)

Opinion of the Court—Budge, J.

J. H. Peterson, Atty. Genl., A. J. Higgins, County Atty., and W. W. Adamson, for Respondent.

Two things must be shown to exist before writ of review will be issued: First, that the tribunal has exceeded its jurisdiction, and, second, that there is no appeal. (*Canadian Bank of Commerce v. Wood,* 13 Ida. 794, 93 Pac. 257; *Gunderson v. District Court,* 14 Ida. 478, 94 Pac. 166.)

No writ lies from an order denying a change of venue. (*State v. Goode,* 4 Ida. 730, 44 Pac. 640.)

California held the same way, before their laws relating to appeals from justice courts were changed, and while their statute was the same as ours. (*Lowrey v. Hogue,* 85 Cal. 600, 24 Pac. 995; *Ex parte Wright,* 119 Cal. 401, 51 Pac. 639.)

The defendants having given notice of appeal from the decision and judgment of conviction and filed their stay bond on appeal to the district court before they made application for the writ of review, were therefore estopped from seeking further remedy by writ of review.

BUDGE, J.—This is a criminal action originally instituted before Joseph H. Horton, justice of the peace, sitting as police magistrate for the village of Challis. The defendants were charged with violation of the anti-gambling ordinance of said village. The cause came on regularly for hearing before said justice of the peace acting as police magistrate, December 12, 1913. The defendants appeared in person and by counsel. A demurrer to the complaint was interposed, and after argument, was by the court overruled. Defendants then moved for a change of venue, which motion was denied. Whereupon the defendants demanded a jury trial, which was by the court refused.

The court thereafter proceeded with the trial of said cause. Testimony on behalf of the state was introduced, after which counsel for the defendants interposed a motion to discharge the defendants upon the ground that the evidence was insufficient to sustain a conviction, which motion was overruled. The defendants refused to introduce any testimony. After

argument by counsel for respective parties, the court found the defendants guilty of the offense as charged in the complaint, and imposed a fine upon each of them in the sum of $25, and costs.

Immediately upon passing sentence, the attorney for the defendants gave notice of appeal from said judgment of conviction to the district court of the sixth judicial district for Custer county, Idaho. Said notice of appeal is dated December 12, 1913. On the same date a bond on appeal was given and approved.

On December 19, 1913, upon application of the defendants, a writ of review was issued by Hon. James M. Stevens, judge of the district court of the sixth judicial district of the state of Idaho. On January 20, 1914, a motion was duly made by W. W. Adamson, Esq., attorney for said city, to dismiss said writ upon the following grounds, to wit:

"1. That defendants have a plain, speedy and adequate remedy at law by appeal.

"2. That the court had jurisdiction of the subject matter of the suit and parties, and therefore jurisdiction to make and enter the orders sought to be reviewed.

"3. That the defendants having given notice of appeal from the decision and judgment of conviction entered in the police court and thereafter having filed a bond on appeal, that they are therefore estopped from seeking a further remedy by writ of review."

On January 28, 1914, said motion to dismiss the writ of review came on for hearing before said district judge, and after argument by counsel for respective parties, the motion to dismiss said writ was granted. Thereupon a notice of appeal to the supreme court from the order of the district court dismissing said writ of review was filed and served.

This appeal is from the judgment of the district court dismissing the writ of review.

It will be observed that on December 12, 1913, defendants gave notice of appeal to the district court of the sixth judicial district for Custer county and on the same date furnished a good and sufficient bond on appeal. Sec. 8320, Rev. Codes,

provides for an appeal to the district court "from any judgment of conviction rendered in a criminal action by . . . . justice's court." Sec. 8321, Rev. Codes, provides for the giving of a proper notice of appeal. Sec. 8324, Rev. Codes, provides: "The party appealing may, . . . . if he desires to be released from custody during the pendency of the appeal, or desires a stay of proceedings under the judgment until the appeal be disposed of, enter into a recognizance . . . . and that he will faithfully prosecute the same and render himself in execution of any judgment . . . . " Sec. 8323, Rev. Codes, provides: "When an appeal is taken, the . . . . justice must immediately transmit to the clerk of the district court of the county, the complaint, notice of appeal, . . . . and any recognizance entered into by the defendant . . . . " Sec. 2216, Rev. Codes, provides: "Appeals may be taken from the judgments of the police judge, in the same manner as appeals are taken from the judgments of justices of the peace in criminal cases."

The appeal, therefore, having been properly taken by the defendants, as provided by the various sections of the statutes cited, the jurisdiction of the justice acting as a police magistrate ceased and the jurisdiction of the district court attached. The cause having been transferred, by the act of the defendants, from the magistrate's court to the district court, there was nothing to review, and the issuance of the writ of review on December 19, 1913, was a futile and idle act. Upon the giving of notice of appeal, it became the duty of said justice of the peace to immediately transmit to the clerk of the district court the files, etc., in the case. The magistrate's court had lost jurisdiction and the case was then pending in the district court for trial *de novo*.

We have therefore reached the conclusion that the district court did not err in dismissing said writ of review. The judgment of the district court is *affirmed*.

Sullivan, C. J., and Morgan, J., concur.